UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV    6312**

- - - - - - - - - - - - - - - - - - - - - - - - -X

BRIAN COLELLA, et. al,

Plaintiffs,    **NOTICE OF REMOVAL**

-against-    Case No. 07 Civ. _____

THE CITY OF NEW YORK and CITY OF NEW YORK
FIRE DEPARTMENT,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - -X

**TO:    THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK**

RECEIVE

JUL 10 2007

U.S.D.C. S.D. N.Y.
CASHIERS

Defendants, the City of New York and the New York City Fire Department, by

and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York,

respectfully show this Court as follows:

1.    On or about July 2, 2007, the City of New York and the Fire Department

of the City of New York were personally serviced with an Amended Complaint in the above-

entitled action, which is pending in the Supreme Court of the State of New York, County of New

York, Index No. 107418/06, naming the City of New York and the City of New York Fire

Department as defendants, and purporting to give notice of the nature of the claims for relief

upon which the action is based. A copy of plaintiff's Amended Complaint, dated June 25, 2007,

is annexed hereto as Exhibit "A."

2.    The above-captioned action is a civil action of which the District Court

has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim, which arises

under the laws of the United States, and a violation of plaintiffs' federal civil rights by defendant.

This action is therefore removable to the District Court without regard to the citizenship or

residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3.    Plaintiffs bring this lawsuit claiming, inter alia, that defendants' acts violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq., and* N.Y. Labor Law §198, *et seq.,* and §663, *et seq.*  See Exhibit "B" at ¶¶

4.    This Notice of Removal is timely because it is being filed within thirty (30) days of receipt of the Amended Complaint setting forth the claim for relief upon which such action or proceeding is based.  See 28 U.S.C. § 1446(b).

5.    Defendants, the City of New York and the New York City Fire Department will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, Defendants, the City of New York and the New York City Fire Department New York City Health and Hospitals Corporation respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:      New York, New York
            July 6, 2007


                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-140
                        New York, New York  10007
                        (212) 788-0868

                   By:  _____
                        Carolyn Walker-Diallo
                        Assistant Corporation Counsel


TO:     Solotoff & Solotoff
        P.O. Box 4686
        Great Neck, New York 11023
        Attn: Lawrence Solotoff, Esq.

## CERTIFICATE OF SERVICE

I, Carolyn Walker-Diallo, hereby certify that on July 6, 2007 a copy of the attached Notice of Removal was caused to be served by first class mail on the attorney for the plaintiffs addressed to said attorney at the following address:.

Solotoff & Solotoff
P.O.Box 4686
Great Neck, New York 11023
Attn: Lawrence Solotoff

Dated:          New York, New York
                July 6, 2007

_____
Carolyn Walker-Diallo

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————————————X

BRIAN COLELLA, KENNETH DOWLING
JOSEPH BERARDI, ALBERT P. SOMMA JR.
ANTHONY GIORDANO, PATRICK BRAZILL,
MICHAEL KAZMIERZAK DOMINICK BUETI,
WILLIAM K. FLYNN, DOUGLAS SANTOS,
NICK DEMONTE, JOHN FABBRICANTE,
PATRICK J. BRADY, JOHN SCUPELLITI,
JERRY PARISI, GERARD GEISLER,
and ROBERT RYAN,

**Date Filed:  May 26, 2006**
**Index No. 06-107418**

                                        Plaintiffs,

        - against -

THE CITY OF NEW YORK, and the NEW YORK CITY
FIRE DEPARTMENT,

                                        Defendants.

————————————————————X

**SECOND VERIFIED**
**AMENDED**
**COMPLAINT**

**PLAINTIFFS**
**DEMANDS A JURY**
**TRIAL**

## PRELIMINARY STATEMENT

1.      This action *is a collective action* seeking redress for serious transgressions of the federal

Fair Labor Standards Act and the New York Wage and Hour Law in a fundamental breach of

these statutory obligations, Defendants **THE CITY OF NEW YORK,** through the **NEW**

**YORK CITY FIRE DEPARTMENT** (hereinafter "Defendants") paid Plaintiffs **BRIAN**

**COLELLA, KENNETH DOWLING, JOSEPH BERARDI, ALBERT P. SOMMA JR.,**

**ANTHONY GIORDANO, PATRICK BRAZILL, MICHAEL KAZMIERZAK,**

**DOMINICK BUETI,WILLIAM K. FLYNN, DOUGLAS SANTOS, NICK DEMONTE,**

**JOHN FABBRICANTE, PATRICK J. BRADY, JOHN SCUPELLITI, JERRY PARISI,**

**GERARD GEISLER and ROBERT RYAN** (hereinafter "Plaintiffs"), and all those similarly

situated, who "opt-in", and were paid substantially less than wages earned, and were not paid

overtime compensation, for every hour worked and/or for every spread of hours, in which

he/they worked overtime.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq., and* N.Y. Labor Law §198.1-a and §663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act, and the Fair Labor Standards Act.

3.      This Court has jurisdiction over Plaintiffs' claims under the New York State Minimum Wage Act, N.Y. Labor Law § 650 *et seq.,* because these claims are so closely related to Plaintiff's claims under the Fair Labor Standards Act that they form parts of the same case or controversy under Article III of the United States Constitution.

4.      Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs have consented in writing to becoming a party to this lawsuit. Plaintiffs' written consent to be part of this action is attached hereto and is incorporated by reference.

5.      Venue is vested in the Supreme Court of the State of New York, County of New York and pursuant to CPLR §505 as a substantial part of the events or omissions giving rise to these claims occurred in this County, Division and Judicial District where the Public Agency has its principal place of business and facilities.

## PARTIES

6.      At all the relevant time herein, Plaintiff **BRIAN COLELLA** (Electrician) is a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after and through 2006, and/or to the present.

7.      At all the relevant time herein, Plaintiff **KENNETH DOWLING** (Electrician) is a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006, and/or to the present.

8.    At all the relevant time herein, Plaintiff **JOSEPH BERARDI** (Electrician) is a resident of Middletown, New Jersey and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

9    At all the relevant time herein, Plaintiff **ALBERT P. SOMMA JR.** (Electrician) is a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after/or and through 2006 and/or to the present.

10.    At all the relevant time herein, Plaintiff **ANTHONY GIORDANO** (Carpenter) is a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

11.    At all the relevant time herein, Plaintiff, **PATRICK BRAZILL** (Plumber) is a resident of Flushing, New York and was/is employed by Defendants from, in or before January 2000, after/or and through 2006 and/or to the present.

12.    At all the relevant time herein, Plaintiff **MICHAEL KAZMIERZAK** (Electrician) is a resident of Bayonne, New Jersey and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

13.    At all the relevant time herein, Plaintiff **DOMINICK BUETI** (Mason) is a resident of Brooklyn, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

14.    At all the relevant time herein, Plaintiff **WILLIAM K. FLYNN** (Carpenter) is a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

15.    At all the relevant time herein, Plaintiff **DOUGLAS SANTOS** (Plumber) is a resident of Forest Hills, New York and was/is employed by Defendants from, in or before

January 2000, after and/or through 2006 and/or to the present.

16.    At all the relevant time herein, Plaintiff **NICK DEMONTE** (Electrician) is a resident of Middletown, New Jersey and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

17.    At all the relevant time herein, Plaintiff **JOHN FABBRICANTE** (Electrician) is a resident of Queens, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

18.    At all the relevant time herein, Plaintiff **PATRICK J. BRADY** (Carpenter) is a resident of Woodlawn, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

19.    At all the relevant time herein, Plaintiff **ROBERT RYAN** (Mason) is a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

20.    At all the relevant time herein, Plaintiff **JOHN SCUPELLITI, and JERRY PARISI,** (Carpenters) is'are a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

21.    At all the relevant time herein, Plaintiff **GERARD GEISLER** (Roofer) is a resident of Staten Island, New York and was/is employed by Defendants from, in or before January 2000, after and/or through 2006 and/or to the present.

22.    The Defendants are the New York City Fire Department (**NYCFD**), which was and is at all times herein, as employer, for the acts of its principals, officers, supervisors, directors, agents, and/or co-employees, and more particularly, for the acts of the employers, managers, officers, directors, supervisors, aiders and abettors, and co-employees, individually,

and personally at the principal place of business and offices located at said **NYCFD.**

23.   Defendants the City of New York, though its agents, **NYCFD** was/is employer to the Plaintiffs, and those similarly situated. Defendants together hired, supervised, controlled, and paid Plaintiffs. Defendants' principal offices are located at 9 Metrotech, Brooklyn, New York.

## FACTUAL ALLEGATIONS

24.   At all times during Plaintiffs' employment, Plaintiffs were "employees" as defined in the New York State Minimum Wage Act, N.Y. Labor Law § 650 *et seq.,* Section 3(e)(1) of the Act, 29 U.S.C. 203(e)(1), and Defendants were their "employers" within the meaning of Section 3(d) of the Act, 29 U.S.C. 203(d).

25.   Defendants are a covered enterprise doing business as a Public Agency as defined in Section 3(d) of the Act, 29 U.S.C. 203 (d), and an enterprise engaged as a Public Agency within the meaning of Section 3(s)(1)(C), 29 U.S.C. 203(s)(1)(C), in that the Defendants' employees are engaged in an activity of a Public Agency.

26.   Plaintiffs were, and/or are employed by Defendants from approximately January 2000 *and up to the present*, as electricians, carpenters, masons, plumbers, and craftsmen whose jobs and duties included, among other things, the maintenance of buildings and facilities, transportation of equipment, tools, supplies, repair materials, heavy duty construction material, and vehicle delivery, repair, maintenance, and essential and critical fire department equipment and construction material characterized and treated in all respects as employees by Defendants during the periods of their employment and for this time period.

27.   Defendants employed Plaintiffs within the meaning of Section 3(g) of the Act, 29 U.S.C. 203(g), during all time periods relevant to each individual's employment in this complaint.

28.    Defendants employed a work week beginning on Mondays and ending on Fridays, from 7:30 AM to 3:00 PM during all time periods relevant to this complaint and Plaintiffs reported their hours to Defendants based upon this work week definition. Any work, including driving NYCFD Building Department Trucks, over a seven hour day was required to be paid overtime. They were paid based upon this Monday to Friday work week. Plaintiffs' hours of work were determined by Defendants.

29.    Plaintiffs were regularly required to work hours in excess of 35 hours in a work week for the Defendants during all time periods relevant to this complaint. Despite having regularly scheduled hours of work from Mondays through Fridays beginning 7:30 a.m. to 3:00 p.m., employees were required to be paid for work performed over a seven hour day paid at the rate of time and one-half or double time, as the case may be.

30.    At all relevant times herein Plaintiffs (as hereinafter referred to as "Work Performed") were also regularly required to work on, in, and deliver and transport highly specialized, marked New York City Fire Department Building Maintenance Trucks, and heavy duty construction and maintenance equipment, fire department maintenance supplies, fire safety equipment, maintenance material, heavy duty tools and fire safety supplies and equipment, to and from local Fire Houses, central "pool" locations, "reporting locations" and "work locations," supply houses, suppliers, central headquarters, and back to "work locations," "reporting locations" and/or to local Fire Houses, and central "pool" and parking or storage locations performing essential "integral and indispensable," work that is the "principal activity" of the employer under State and Local Statutes, as part of the continuous workday rule, and mandated critical and significant general building maintenance for the benefit of the public and its safety.

31.    Indeed, prior to 2000 at all relevant times, it was a custom, pattern and practice

that Plaintiffs were paid for work performed, while in, on, and/or transporting their NYCFD

Building Department Maintenance Trucks and apparatus, either from "reporting locations" to

"work locations" or from "work locations" to "reporting locations," or both.  Subsequent to

January 2000, Defendants refused and failed to pay Plaintiffs for the identical or similar hours

worked and for the over time earned, while paying other similar employees for the identical or

similar hours worked in operation of the apparatus and for their overtime.

      32.    Upon, and prior to operating said vehicles, and during the operation of said

vehicles, Plaintiffs were required and did perform work related to complying with NYCFD

official operating rules, regulations and restrictions, and for the benefit of the Defendants and

NYC  citizens, including, for example, towing equipment and generators, delivering back up

batteries, safety and security of equipment and heavy duty tools, maintaining and locking down

inventory, fixing and repairing the Trucks or its parts, securing heavy tools and maintenance

material, conducting inspections, helping the Defendants deliver the Trucks and its tools and

maintenance supplies and equipment, to and from all necessary locations, using the trucks for

official NYCFD fire department emergency or public safety requirements, using specialized in-

board radio equipment and light-flashing apparatus, to and from headquarters, or to and from

reporting locations or work locations, picking up and dropping off other employees, picking up

and delivering fire safety equipment to firemen and/or firehouses, picking up maintenance and

repair supplies for projects and work locations, and operating the Trucks as official NYCFD

vehicles, obviating the necessity of establishing a delivery service and hiring additional drivers

who are paid for said delivery service.  The NYCFD Trucks and apparatus were not private

vehicles, or for permitted to be used as private vehicles, which is against Department Rules and

Regulations, State and Local Laws. All accidents and injuries to personnel, Plaintiffs and others,

were required to be reported and treated as on the job fatalities and injuries, subject to NYCFDNY rules and regulations whenever the Apparatus was involved.

33.     Plaintiffs were at all times, subject to Defendants Command, direct supervision, management and control, and discipline, from the instant Plaintiffs entered the Trucks, wherever they were located, operated the Trucks, and to the time they drove the Trucks, and parked the Trucks at the end of the day.  During all time periods relevant to this complaint, Defendants were obligated to pay the Plaintiffs for the hours worked performed in the operation of Command Vehicles, for the benefit of the Defendants and the City of New York, on, in and during the operation of said Trucks and Apparatus, and for overtime hours during each work day.

34.     At all the times herein, during Plaintiffs' operation of the Trucks and Apparatus were required to be "on-call" at all times. Plaintiffs' direction, destination, and timing, mileage, and E-Z Pass usage, gas usage, and driving routes were all subject to NYCFD Command and direct supervision and control.  During the operation of said Trucks and Apparatus some of Plaintiffs were disciplined, subject to termination, from the moment they entered the Trucks to the moment they delivered and parked the Trucks and Apparatus at the end of the day. They were not paid for this time, for time to time, and not paid overtime for said time when applicable.

35.     Defendants' failure to pay Plaintiffs their wages and overtime pay has caused Plaintiffs to suffer lost wages and overtime pay in excess of tens of thousands of dollars per Plaintiff. Each Plaintiff maintained personal records of their time and hours worked.  Upon information and belief Management altered, changed, and doctored its records to change the work hours so as not to include the operation of the Trucks and Apparatus as work hours.

36.     Defendant was willful and acted in bad faith. Defendants had no reasonable grounds for believing that their failure to pay the wage and overtime pay was consistent with the

Fair Labor Standards Act or the New York State Minimum Wages Act. Plaintiffs did not waive their rights under these statutes and protested the violation of their statutory rights.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

37.    Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce or public agency shall be paid wages at a rate not less than $5.15 per hour.

38.    Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. Electricians, carpenters, masons, and plumbers, are required to work from 7:30 AM to 3:00 PM Monday through Friday with an unpaid half hour for lunch pursuant to the rules and regulations of the agency. Electricians and Carpenters are entitled to overtime pay at the rate of time and a half for every hour above seven hours in the day.  Upon information and belief, masons, and plumbers are entitled to two times the regular hourly rate at which they are employed above seven hours in the day.

39.    Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employee or employees affected in the amount of their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

40.    The United States Department of Labor calculates overtime compensation for employees, like plaintiff, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week. For example, if the employee worked more than

9

40 hours per week, the employee is also owed one and one-half times the weekly wage for all hours above 40 per week. Additional liquidated damages are due in an amount equal to the total unpaid minimum wages and unpaid overtime compensation.

41.    Defendants' failure to pay plaintiffs their wages or overtime violated the Fair Labor Standards Act.

**SECOND CLAIM FOR RELIEF:**
**NEW YORK STATE WAGES AND OVERTIME**

42.    Plaintiff repeats and re-alleges paragraphs 1 through 41.

43.    The New York State Minimum Wage Act provides that, effective March 31, 2000 through December 31, 2004, every employer shall pay to each of its employees for each hour worked a wage of not less than $5.15 (or any greater amount as may be established by the FLSA), that beginning January 1, 2005, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.00 (or any greater amount as may be established by the FLSA) and that beginning January 1, 2006, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.75 (or any greater amount as may be established by the FLSA). N.Y. Labor Law § 652(1) and the rules and regulations of the NYCFD.

44.    Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA. 12 N.Y.C.R.R. § 142-2.2, or as otherwise agreed upon pursuant to the collective bargaining agreements.

45.    Pursuant to N.Y. Labor Law §~ 198.1-a and 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total

10

of such under-payments found to be due him.

46.     Defendants' failure to pay plaintiff the minimum wage or overtime violated the New York Labor Law.

## THIRD CLAIM FOR RELIEF:
## NEW YORK STATE SPREAD OF HOURS

47.     Plaintiff repeats and re-alleges paragraphs 1 through 46.

48.     Defendants failed to pay plaintiff an extra hour's pay at base salary and wage for every day that plaintiff worked in excess of seven hours, in violation of New York Labor Law §190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.R.R.§137-1.6, 142-2.4.

49.     Plaintiff is entitled to an award of an extra hour's pay for every day that plaintiffs worked in excess of seven hours, in an amount to be determined at trial, pursuant to New York Labor Law § 190, *et seq.*, and p50, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.RR. § 137-1.6, 142-2.4.

## FOURTH CLAIM FOR RELIEF
## MAINTENANCE OF EMPLOYMENT RECORDS

50.     Plaintiff repeats and re-alleges paragraphs 1 through 49.

51.     Plaintiff incorporates by reference paragraphs 1 through 49.

52.     Upon information and belief, defendants intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by plaintiffs in order to facilitate their exploitation of plaintiffs' labor.

53.     Defendants' knowing and intentional acts constitute a violation of 29 U.S.C. §211(c ) and 29 C.F.R. § 516.2.

54.     Defendants' knowing and intentional acts constitute a violation of N.Y. Lab. Law

§ 195(4) and 12 N.Y.C.R.R. § 137-2.1.

55.    As a result of the foregoing, plaintiff has been injured, and defendants have profited thereby, in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF:
## <u>DEDUCTIONS</u> FROM <u>WAGES</u>

56.    Upon information and belief, defendants unlawfully made deductions from Plaintiffs' wages for work related to the operation of said Apparatus.

57.    Defendants' knowing and intentional acts constitute a violation of N.Y. Lab. Law § 193(1).

58.    As a result of the foregoing, plaintiff has been injured, and defendants have profited thereby, in an amount to be proven at trial.

## <u>PRAYER</u> <u>FOR</u> <u>RELIEF</u>

**WHEREFORE,** plaintiffs respectfully requests this Court to grant him the relief requested as follows 1)Unpaid wages and overtime pay, plus liquidated damages and/or interest thereon; 2) All unlawful deductions made from wages; 3) Pre-judgment interest; 4) Reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b) and N.Y. Labor Law §198 and 663; 5) The costs and disbursements of this action; and, 6) .Such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
     June 25, 2007

SOLOTOFF & SOLOTOFF
Lawrence Solotoff (LS1356)
P.O.Box 4686
Great Neck, New York 11023
516-466-5522

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
BRIAN COLELLA, KENNETH DOWLING                    Index No. 06-107418
JOSEPH BERARDI, ALBERT P. SOMMA JR.
ANTHONY GIORDANO, PATRICK BRAZILL,
MICHAEL KAZMIERZAK DOMINICK BUETI,
WILLIAM K. FLYNN, DOUGLAS SANTOS,
NICK DEMONTE, JOHN FABBRICANTE,
PATRICK J. BRADY, JOHN SCUPELLITI,
JERRY PARISI, and ROBERT RYAN,

                                        **Plaintiffs,**

                                                  **ATTORNEY'S**
                                                  **VERIFICATION**

                  -Against-

THE CITY OF NEW YORK, and the NEW YORK CITY
FIRE DEPARTMENT,

                                        **Defendants.**
-------------------------------------------------------------------X
State of New York  )
                        ss.
County of Nassau  )

    I, **Lawrence Solotoff,** affirm the foregoing to be true under the penalties of perjury, and

that I am admitted to practice law in the State of New York, that I am Counsel to the plaintiffs in

this action and that I have read the foregoing **SECOND VERIFIED AMENDED**

**COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as

to those matters therein stated and alleged to be on information and belief, and as to those

matters I believe it to be true. The reason this verification is made by me and not the Plaintiffs is

because the plaintiffs do not reside in Nassau County where our offices are maintained. The

grounds of my belief as to all matters not stated upon knowledge are based upon the affidavits,

documents, photographs and records of the Plaintiffs presented to me.

    Dated: Great Neck, New York
         June 25, 2007                    _____
                                        LAWRENCE SOLOTOFF (LS1356)

**BRIAN COLELLA (ELECTRICIAN,** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
     April 25, 2007    MAY Ist, 2007

Sworn to before me this
_____ day of April 2007

ALEXIS DEJESUS
Notary Public - State of New York
NO. 01DE6083449
Qualified in Kings County
My Commission Expires 11/10/2012

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

2

**KENNETH DOWLING (ELECTRICIAN)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
      April 25, 2007

Sworn to before me this
_____ day of April 2007

BONO CECILIA M. DEMONTE
Notary Public, State of New York
No. 01DE4879750
Qualified in Richmond County
Commission Expires Dec. 16, 2007

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

3

**JOSEPH BERARDI (ELECTRICIAN)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
     April 25, 2007

Sworn to before me this
_____ day of ~~April~~ 2007
     May

RANDI STERN
Notary Public, State of New York
No. 01ST5051721
Qualified in Richmond County
Commission Expires Nov. 19 20 0 9

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

4

**ALBERT P.SOMMA JR, (ELECTRICIAN)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
        April 25, 2007

State of New York   County of Richmond

Sworn to before me this
___4___ day of ~~April~~ 2007
                 MAY

*Margaret M McCarthy*

MARGARET McCARTHY
NOTARY PUBLIC, State of New York
No. 01MC6024324
Qualified in Richmond County
Commission Expires May 18, 20 0 7

**ANTHONY GIORDANO (CAPRENTER)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
       April 25, 2007

Sworn to before me this
 17  day of ~~April~~ 2007
    May

JOANN CRIFASI
Notary Public, State of New York
No. 01CR4843607
Qualified in Richmond County
Commission Expires August 31, 20 09

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

11

**PATRICK BRAZILL (PLUMBER)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York

April 25, 2007

Sworn to before me this

_28th_ day of  April 2007

**Ralph Tiseo**
**Notary Public, State of New York**
No. 01TI6135121
**Qualified in Queens County**
**Commission Expires October 11, 20 09**

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

12

**MICHAEL KAZMIERZAK (ELECTRICIAN)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
April 25, 2007

Sworn to before me this
18 day of ~~April~~ May 2007

**DAYO OLOWURO**
Notary Public, State of New York
No. 01OL6137506
Qualified in Bronx County
Commission Expires 11/28/2009

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

**DOMINICK BUETI (MASON)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
     April 25, 2007

Sworn to before me this
30 day of April 2007

RICHARD W. SCALZO
Notary Public, State of New York
No. 43-4662500
Qualified in Richmond County
Certificate Filed in Kings County
Commission Expires June 30, 2007

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

13

**WILLIAM K. FLYNN (CAPENTER)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
　　　April 25, 2007

Sworn to before me this
_25_ day of April 2007

NANCY F. REDDEN
Commissioner of Deeds
City of New York No. 3-5094
Commission Expires 6/1/2007

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

14

**DOUGLAS SANTOS (PLUMBER)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
     April 25, 2007

Sworn to before me this
_18_ day of April 2007

_Frank M. Dix_
NOTARY PUBLIC

FRANK M. DIX
Notary Public, State of New York
NO. 01DI4841351
Qualified in Queens County
Commission Expires August 31, 2009

15

**NICK DEMONTE (ELECTRICIAN)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
        April 25, 2007

Sworn to before me this
_31st_ day of ~~April~~ 2007

BONO CECILIA M. DEMONTE
Notary Public, State of New York
No. 01DE4879750
Qualified in Richmond County
Commission Expires Dec. 15, 2007

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

7

*[signature]*

**JOHN FABBRICANTE (ELECTRICIAN** hereby consents to be a plaintiff in a lawsuit
pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
~~April 25, 2007~~ JUNE 1, 2007

Sworn to before me this
1ST day of ~~April~~ 2007
JUNE

*[signature]*

PATRICIA A. CARRAMUSA
Notary Public, State of New York
No. 4909808
Qualified in Queens County
Commission Expires 12-16-09

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

8

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

**PATRICK J. BRADY (CARPENTER)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
April 25, 2007
June 26, 2007

Sworn to before me this
......day of April 2007
June

TULA V. RIOS
Notary Public, State of New York
No. 01RI6116788
Qualified in Queens County
Commission Expires November 22, 20___

**JOHN SCUPELLITI (CARPENTER),** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
     May   , 2007

Sworn to before me this
_8th_ day of May   2007

NANCY F. REDDEN
Commissioner of Deeds
City of New York No. 3-5094
Commission Expires 6/1/2008

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

2

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

**JERRY PARISI (CARPENTER)** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
        May 21, 2007

Sworn to before me this
_30_ day of  May 2007

EVELYN T. COMISKEY
Notary Public, State of New York
No. 01CO6063598
Qualified in Richmond County
Commission Expires Jan. 16, 20**

16

**GERRY GEISSLER (ROOFER),** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York

21ˢᵗ June , 2007

Sworn to before me this

___21ˢᵗ___ day of June   2007

JASON DIAMOND
NOTARY PUBLIC STATE OF NEW YORK
NO. 01DI6077556
QUALIFIED IN RICHMOND COUNTY
COMMISSION EXPIRES 7/15/10

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

2

**ROBERT RYAN (MASON** hereby consents to be a plaintiff in a lawsuit pursuant to Section 2 16(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
      April 25, 2007

Sworn to before me this
3 rd day of April 2007
    May

> **LINDA M. MARTIN**
> Notary Public, State of New York
> No. 24-01MA5009831
> Qualified in Richmond County
> Commission Expires March 22, 20__

SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

Docket No. 07 Civ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN COLELLA, et al.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, and THE NEW YORK
CITY FIRE DEPARTMENT,

Defendants.

## NOTICE OF REMOVAL

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-140*
*New York, N.Y. 10007*

*Of Counsel: Carolyn Walker-Diallo*
*Tel: (212) 788-0868*
*NYCLIS No. 06LE000166*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................., 200*

*............................................ Esq.*

*Attorney for.............*