UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
BRIAN COLELLA, et al.,

                                       Plaintiff,      **ANSWER**

        -against-                           07 Civ. 6312 (LAP) (JCF)

THE CITY OF NEW YORK and the NEW YORK CITY
FIRE DEPARTMENT,

                                       Defendants.

------------------------------------------------------------------------ X

        Defendants, by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, as and for their answer to the Second Verified Amended Complaint ("Amended Complaint") herein, respectfully alleges as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiffs purport to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiffs purport to proceed as set forth therein.

        3.     Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

        4.     Respectfully refer the Court to the provisions of law and the documents cited for a complete and accurate statement of their contents.

        5.     Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that the venue of this court is appropriate.

        6.     Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "6" of the Amended Complaint, except

admit that plaintiff Brian Colella has been employed as an electrician by the New York City Fire Department ("NYCFD") from March 19, 1990 to the present.

7. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "7" of the Amended Complaint, except admit that plaintiff Kenneth Dowling was been employed as an electrician by the NYCFD from May 13, 1998 to July 6, 2006.

8. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "8" of the Amended Complaint, except admit that plaintiff Joseph Berardi has been employed as an electrician by the NYCFD from October 17, 1983 to the present.

9. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "9" of the Amended Complaint, except admit that plaintiff Albert P. Somma Jr. was been employed as an electrician by the NYCFD from July 25, 1983 to April 1, 2006.

10. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "10" of the Amended Complaint, except admit that plaintiff Anthony Giordano was been employed as an electrician by the NYCFD from June 7, 1993 to November 4, 2004.

11. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "11" of the Amended Complaint, except admit that plaintiff Patrick Brazill was been employed as a plumber by the NYCFD from September 7, 1999 to April 6, 2003.

12. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "12" of the Amended Complaint, except admit that plaintiff Michael Kazmierzak has been employed as an electrician by the NYCFD from May 3, 1993 to the present.

13. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "13" of the Amended Complaint, except admit that plaintiff Dominick Bueti has been employed as a Mason by the NYCFD from June 11, 2001 to the present.

14. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "14" of the Amended Complaint, except admit that plaintiff William K. Flynn has been employed as a Carpenter by the NYCFD from April 16, 1999 to the present.

15. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "15" of the Amended Complaint, except admit that plaintiff Douglas Santos was been employed as a plumber by the NYCFD from January 2, 1997 to May 24, 2003.

16. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "16" of the Amended Complaint, except admit that plaintiff Nick Demonte was been employed as an electrician by the NYCFD from December 22, 1997 to May 11, 2004.

17. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "17" of the Amended Complaint, except

admit that plaintiff John Fabricante was been employed as an electrician by the NYCFD from December 15, 1986 to August 26, 2006.

18. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "18" of the Amended Complaint, except admit that plaintiff Patrick J. Brady has been employed as a Carpenter by the NYCFD from April 16, 1999 to the present.

19. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiff Robert Ryan has been employed by the NYCFD as a Mason from May 3, 1999 to the present.

20. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "20" of the Amended Complaint, except admit that plaintiff John Scupelliti, has been employed as a Carpenter by the NYCFD from March 28, 1988 to the present, and that Jerry Parisi was employed as a Carpenter by the NYCFD from April 20, 1998 to August 13, 2007.

21. Deny knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations set forth in paragraph "21" of the Amended Complaint, except admit that plaintiff Gerard Giesler was employed as a Roofer by the NYCFD from July 13, 1990 to August 12, 2006.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint except admit that the NYCFD is named as a defendant in this action.

23. Deny the allegations contained in paragraph "23" of the Amended Complaint, except admit that NYCFD has offices located at 9 Metrotech Center, Brooklyn, New York.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that plaintiffs were at one time all employees of the City of New York.

25. Paragraph "25" of the Amended Complaint asserts legal conclusions for which no response is required.

26. Deny the allegations set forth in Paragraph "26" of the Complaint, except admit that plaintiffs were employed by the NYCFD, as set forth in Paragraphs 6 through 21 of this answer.

27. Paragraph "27" of the Amended Complaint asserts legal conclusions for which no response is required.

28. Deny the allegations set forth in Paragraph "28" of the Amended Complaint, and respectfully refer the court to the collective bargaining agreements applicable to plaintiffs for a complete and accurate statement of their respective contents.

29. Deny the allegations set forth in Paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in Paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in Paragraph "33" of the Amended Complaint.

34. Deny the allegations set forth in Paragraph "34" of the Amended Complaint.

35. Deny the allegations contained in paragraph "35" of the Amended Complaint.

36. Deny the allegations contained in paragraph "36" of the Amended Complaint.

37. Paragraph "37" of the Amended Complaint asserts legal conclusions for which no response is required.

38. Paragraph "38" of the Amended Complaint asserts legal conclusions for which no response is required.  To the extent that a response is required, defendants deny the allegations.

39. Paragraph "39" of the Amended Complaint asserts legal conclusions for which no response is required.

40. Paragraph "40" of the Amended Complaint asserts legal conclusions for which no response is required.

41. Deny the allegations contained in paragraph "41" of the Amended Complaint.

42. In response to paragraph "42" of the Amended Complaint defendants repeat and re-allege their responses to paragraphs 1 through 41 of the Amended Complaint, as though fully set forth herein.

43. Paragraph "43" of the Amended Complaint asserts legal conclusions for which no response is required.

44. Paragraph "44" of the Amended Complaint asserts legal conclusions for which no response is required.

45. Paragraph "45" of the Amended Complaint asserts legal conclusions for which no response is required.

46. Deny the allegations contained in paragraph "46" of the Amended Complaint.

47. In response to paragraph "47" of the Amended Amended Complaints, defendants repeat and re-allege the foregoing responses to Paragraph 1 through 46 of the Amended Complaint, as though fully set forth herein.

48. Deny the allegations contained in paragraph "48" of the Amended Complaint.

49. Deny the allegations contained in paragraph "49" of the Amended Complaint.

50. In response to paragraph "50" of the Amended Complaint, defendants repeat and re-allege the foregoing responses to Paragraph 1 through 49 of the Amended Complaint, as though fully set forth herein.

51. In response to paragraph "51" of the Amended Complaint, defendants repeat and re-allege the foregoing responses to Paragraph 1 through 49 of the Amended Complaint, as though fully set forth herein.

52. Deny the allegations contained in paragraph "52" of the Amended Complaint.

53. Deny the allegations contained in paragraph "53" of the Amended Complaint.

54. Deny the allegations contained in paragraph "54" of the Amended Complaint.

55. Deny the allegations contained in paragraph "55" of the Amended Complaint.

56. Deny the allegations contained in paragraph "56" of the Amended Complaint.

57. Deny the allegations contained in paragraph "57" of the Amended Complaint.

58. Deny the allegations contained in paragraph "58" of the Amended Complaint.

**AS AND FOR A FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

**AS AND FOR A SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

**AS AND FOR A THIRD DEFENSE**

Plaintiffs were properly paid overtime compensation in accordance with 29 U.S.C. §207(k).

**AS AND FOR A FOURTH DEFENSE**

This case may not be maintained as a collective action because the named plaintiffs are not similarly-situated to or otherwise adequate representatives for the persons

whom they purport to represent.

## AS AND FOR A FIFTH DEFENSE

To the extent that the named plaintiffs purport to bring a representative action, they are barred on Constitutional grounds from doing so unless they demonstrate that a liability finding as to one plaintiff (or sub-group plaintiffs) necessarily determines liability as to others.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs may have waived some or all of the claims asserted in the Amended Complaint by virtue of the collective bargaining agreements that govern the terms and conditions of their employment.

## AS AND FOR A SEVENTH DEFENSE

Plaintiffs are estopped from asserting some or all of the claims asserted in the Complaint because defendants' actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

## AS AND FOR A NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine.

## AS AND FOR AN TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## AS AND FOR A ELEVENTH DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for

believing that the NYCFD's pay practices complied with the FLSA.

## AS AND FOR A TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to join their respective unions for collective bargaining purposes as necessary parties to this action to ensure uniformity of contract interpretation and implementation.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A FOURTEENTH DEFENSE

In addition to the foregoing defenses, defendants retain the right to add additional affirmative defenses upon the close of discovery.

**WHEREFORE**, defendants pray that the Court enter a judgment:

59. Dismissing the Complaint with prejudice;

60. Granting Defendants their costs, including attorneys' fees, incurred in this action; and

61. Granting such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 25, 2007

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney of for Defendants
100 Church Street, Room 2-140
New York, New York 10007-2601
(212) 788-0868

By: /s/
Carolyn Walker-Diallo
Assistant Corporation Counsel

TO: **SOLOTOFF & SOLOTOFF**
Lawrence Solotoff
P. O. Box 4686
Great Neck, NY  11023

- 11 -

07 Civ. 6312 (LAP) (JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| BRIAN COLELLA, et al.,<br><br>                                                            Plaintiffs,<br><br>                    -against-<br><br>THE CITY OF NEW YORK, AND THE NEW YORK CITY FIRE DEPARTMENT,<br><br>                                                            Defendants. |
| **ANSWER** |
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendants<br>100 Church Street, Room 2-140<br>New York, N.Y. 10007-2601<br><br><br>    *Of Counsel:*     Carolyn Walker-Diallo<br>          *Tel:*          (212) 788-0868<br><br><br><br>NYCLIS No. 06 LE 000 166 |
| *Due and timely service is hereby admitted.*<br><br>New York, N.Y.   ............................................., 200…...<br><br>Signed: ........................................................................<br><br>Attorney for.................................................................. |