**SOLOTOFF & SOLOTOFF**
ATTORNEYS AND COUNSELORS AT LAW
P.O. BOX 4686
GREAT NECK, NEW YORK 11023
TEL: 516-466-5522
FAX: 516-466-5562

CHERYL SOLOTOFF
LAWRENCE SOLOTOFF

35 CLOVER DRIVE
GREAT NECK, N.Y. 11021

LSOLOTOFF@AOL.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/08

RECEIVED
SEP 10 2008
LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S. D. N. Y.

September 8, 2008

Hon. Judge Loretta A. Preska
USDC, Southern District Of New York
500 Pearl Street
New York, New York 10007

Re:    Brian Colella, et al., vs. The City of New York, et al., 07-cv-6312

Dear Hon. Judge Preska:

Our office represents Plaintiffs in the above matter. Consistent with our in chambers conference, our office writes this letter to memorialize the parties' understanding necessary to proceed with Plaintiffs' Third Amended Complaint. Consistent with *Iglesias –Mendoza v. La Belle Farm, Inc.*, 239 FRD 363, 375 (SDNY 2007) Plaintiffs have redrafted their Third Amended Complaint [Annexed as Exhibit "A" attached]. Plaintiffs claim violations of the FLSA alleging that defendants failed to pay overtime wages to plaintiffs (and others similarly situated) in violation of 29 U.S.C. §207 and its implementing regulations. Plaintiffs further allege that defendants' violations of the FLSA were willful.

Pursuant to 29 U.S.C. § 216(b), plaintiffs seek unpaid overtime wages plus reasonable attorneys' fees under the federal law. Plaintiffs seek a collective or representative action under 29 U.S.C. §216 and further seek to authorize notice to prospective plaintiffs. In contrast to the "opt-out" procedure of the Rule 23 class action, proposed class members to a FLSA representative action must "opt in" by filing a written consent with the court. The FLSA permits employees to maintain such an action "for and in behalf of ... themselves and other employees similarly situated." 29 U.S.C. §216(b).

Further, the FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years. See 29 U.S.C §255(a). Where willfulness is disputed, it is respectfully submitted that the court apply the three-year statute of limitations for purposes of certifying a representative action. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 240 (N.D.N.Y.2002).

New York law also allows Plaintiffs a Rule 23 class action if Plaintiffs waive their liquidated damages claims under State Law for overtime wage class claims "as long as putative class members are given the opportunity to "opt out" of the class in order to pursue their own liquidated damages claims." *Iglesias –Mendoza v. La Belle Farm, Inc.*, 239 FRD 363, 374 (SDNY 2007), *Mascol v. E & L Transportation, Inc.*, 2005 WL 1541045, at *8, 2005 U.S. Dist. LEXIS 32634, at *26-27 (E.D.N.Y. June 29, 2005); *see also Ansoumana*, 201 F.R.D. at 95.

*[Handwritten: The Third Amended Complaint may be filed.
September 11, 2008]*

**SO ORDERED**
*[Signature: Loretta A. Preska]*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

**SOLOTOFF & SOLOTOFF**

  Corporation Counsel suggested, and Plaintiffs agreed, to waive their State Law liquidated damages claims provided that the Rule 23 Notice provides to the Rule 23 Class, instructions to individuals on how to preserve their claims for liquidated damages purposes by not "opting in" to the federal claims. It is respectfully submitted that under these circumstances, the Plaintiffs be permitted to file the Third Amended Complaint as herein attached.  In our next letter to the Court, and after discussions with counsel, Plaintiffs will propose a Form Notice satisfactory to the federal claims under 29 U.S.C. § 216(b), for "Opt-In" requirements and State and City Law claims.

  Thank you for your attention to this matter.

                    Respectfully submitted,

                    Lawrence Solotoff (LS1590)

Cc: Carolyn Walker-Diallo (E-mail and facsimile)(212-788-8877)